| | |
|---|---|
| 1 | Thomas H. Allen, State Bar #11160 |
| | Michael A. Jones, State Bar #27311 |
| 2 | Philip J. Giles, State Bar #30340 |
| | **ALLEN BARNES & JONES, PLC** |
| 3 | 1850 N. Central Ave., Suite 1150 |
| | Phoenix, Arizona  85004 |
| 4 | Ofc: (602) 256-6000 |
| | Fax: (602) 252-4712 |
| 5 | Email  tallen@allenbarneslaw.com |
| |            mjones@allenbarneslaw.com |
| 6 |            pgiles@aallenbarneslaw.com |

Attorneys for Randy Green

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 11 |
| 2G STAFFING SERVICES, INC., | Case No. 2:15-bk-08339-EPB |
| Debtor. | **SUBPOENA (DUCES TECUM)** |
| | **-AND-** |
| | **REQUEST FOR PRODUCTION OF DOCUMENTS** |

**TO:  CARMICHAEL & POWELL, PC**
     **Attn: Donald W. Powell**
     **7301 N 16th St., #103**
     **Phoenix, AZ 85020**

YOU ARE HEREBY COMMANDED:

**TO PRODUCE** and permit inspection and copying of the following described items at the time and place specified below: (See **Exhibit "A"** attached hereto).  This Subpoena is issued in conjunction with the Order for 2004 Examination (attached as **Exhibit "B"**),

**DATE AND TIME OF PRODUCTION:**   October 4, 2016 by 5:00 p.m.

**PLACE OF PRODUCTION:**   ALLEN BARNES & JONES, PLC
   Attn:  Michael Jones,
   1850 N. Central Avenue, Suite 1150
   Phoenix, Arizona  85004

/ / /

/ / /

You have been subpoenaed by Randy Green, whose attorneys' names, address, and telephone number are:

Thomas H. Allen, Esq.
Michael A. Jones, Esq.
Philip J. Giles, Esq.
ALLEN BARNES & JONES, PLC
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
(602) 256-6000

In addition, you are hereby notified that Federal Rules of Civil Procedure 30(b)(6), and 45(d) and (e) provides as follows:

**30(b)(6) Notice of Subpoena Directed to an Organization**

The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

**45(d)   PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.**

(1)   *Avoiding Undue Burden or Expense; Sanctions*.   A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2)   *Command to Produce Materials or Permit Inspection.*

    (A)   *Appearance Not Required*.  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

    (B)   *Objections*.  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the

|   |     |     | premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply: |
|---|-----|-----|---|

premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    (i)    At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    (ii)    These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)    ***Quashing or Modifying a Subpoena.***

    (A)    *When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        (i)    fails to allow a reasonable time to comply;

        (ii)    requires a person to comply beyond the geographical limits specified in Rule 45(c) which reads:

            (A)   within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

            (B)   within the state where the person resides, is employed, or regularly transacts business in person, if the person

                (i) is a party of a party's officer; or

                (ii) is commanded to attend a trial and would not incur substantial expense.

        (iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

        (iv)    subjects a person to undue burden.

    (B)    *When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on

3

motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    (ii) ensures that the subpoenaed person will be reasonably compensated.

**45(e) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) ***Claiming Privilege or Protection.***

    (A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

        (i) expressly make the claim; and

        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    (B) *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim.

5

The person who produced the information must preserve the information until the claim is resolved.

**45(f)   TRANSFERRING A SUBPOENA-RELATED MOTION.**

When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**45(g)   CONTEMPT.**

The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

DATED:  September 13, 2016.

**ALLEN BARNES & JONES, PLC**

/s/ *MAJ #27311*
Thomas H. Allen
Michael A. Jones
Philip J. Giles
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
*Attorneys for Randy Green*

**ORIGINAL** of the foregoing served
via personal service and a copy e-mailed
on September 13, 2016 to:

Donald W. Powell
CARMICHAEL & POWELL, P.C.
7301 N. 16th Street, #103
Phoenix, AZ  85020
d.powell@cplawfirm.com
*Attorneys for Debtor*

/s/ *Carol McDonald*

# Exhibit "A"

# EXHIBIT "A"

## DEFINITIONS

The following terms, whether capitalized or not, have the following definitions:

1. "**Any**," "**each**," and "**all**" should be read to be all-inclusive and to require the production of each and every document responsive to the paragraph in which the term appears.

2. "**And**," "**or**," "**and/or**," and any other conjunctions or disjunctions should be read both conjunctively and disjunctively so as to require the broadest response to the paragraph in which the term appears.

3. **"Bankruptcy Case"** means the bankruptcy case filed by 2G Staffing Services, Inc. in the United States Bankruptcy Court for the District of Arizona, Case No. 2:15-bk-08339-EPB.

4. "**Communication**" means any oral, graphic, demonstrative, telephonic, verbal, electronic, written, or other conveyance of information, including documents. Communication includes any transmission made on any computer network, including the "Internet."

5. "**Concerning**," "**pertaining**," "**relating**," "**reflecting**," "**referring**," "**with respect to**," "**with regard to**," and "**regarding**" are synonymous and interchangeable. They mean alluding to, responding to, in connection with, commenting on, in respect of, about, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, bearing upon, or having any logical or factual connection with the subject matter addressed in the relevant paragraph or subparagraph of this request.

6. **"Debtor"** means 2G Staffing Services, Inc., debtor in the Bankruptcy Case.

7. "**Document**" or "**documents**" means all writings or printed matter of any kind, including, without limitation:

    (a) the originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise);

    (b) any alterations, amendments, changes, drafts, or modifications;

    (c) accounting ledgers and journals; accounts payable and receivable; agreements; appraisals and valuation estimates of any kind; audit reports and responses; balance sheets; bank records; checks (canceled or otherwise); books; brochures; bulletins; calendars; cash flow records; catalogs; charge, personal, sale, or other receipts; communications; computer input, output, or records of any type; contracts; correspondence; credit and loan applications; court filings;

diaries; deeds; expense records; financial data, statements, or projections; insurance records; invoices; letters; logs; magazines; memoranda; messages; minutes; newspapers; notes; offers; operating statements; pamphlets; periodicals; plans; price lists; promissory notes; pro formas; prospectuses; publicity materials; reports; resolutions; statements; statistics; stock certificates; studies; summaries; tax returns and records; telegrams; telephone records; teletypes; telefax; transcripts or other records of interviews or testimony given before any person, officer, or tribunal (whether sworn or unsworn); and worksheets;

(d) all graphics or records or representations of any kind, including, without limitation, audiotapes, cassettes, computer diskettes or printouts, CDs, charts, data card programs, data compilations, discs, drawings or other representations or depictions, graphs, maps, microfiches, microfilm, motion pictures, other input or output of data processing systems, photographs (positive print or negative), recordings, and videotapes; and

(e) every other device or medium, mechanical or electrical, on or through which information of any type is transmitted, recorded, or preserved.

8. "**Person**" means agency, association, company, corporation, estate, federal, state, or municipal government agency, board, bureau, department, or other subdivision, firm, joint venture, natural person, organization, partnership, proprietorship, organization, or any other legally recognizable entity.

9. "**You**" or "**your**" means Carmichael & Powel, PC, as well as any agent or employee.

10. Wherever appropriate, the singular form of a word should be interpreted in the plural so as to require the broadest response to the request in which the term appears.

The following instructions are considered to be applicable to all requests for production of documents contained herein:

## **INSTRUCTIONS FOR USE**

11. You must produce all documents, wherever located, in the possession, custody, or control of or obtainable by you. Possession, custody, or control includes constructive possession—i.e., if you have a right to compel the production of a matter from any third party (including an agency, authority, custodian, or representative).

12. If, for any reason, you are unable to produce in full any document requested: produce the document to the fullest extent possible; specify the reasons for your inability to produce the remainder of the document; and state in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of the document, including but not limited to its date of preparation, date of mailing, author, and type (e.g., letter, memorandum, telecopy, etc.).

/ / /

13. For any document requested that was at any time but is no longer in existence, state:

   (a) the nature of the document (i.e., letter, memorandum, etc.);

   (b) the information contained in the document;

   (c) the date on which it was prepared;

   (d) the date on which it ceased to exist;

   (e) the circumstances under which it ceased to exist;

   (f) the identity of the author or initiator of the document;

   (g) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and

   (h) the identity of all persons who have, or had, knowledge of the contents of the document.

14. For each document requested you are unable to produce but at any time had access to or possession, custody, or control of, state:

   (a) the nature of the document (i.e., letter, memorandum, etc.);

   (b) the information contained in the document;

   (c) the date on which it was prepared;

   (d) the identity of the author or initiator of the document;

   (e) the identity of any persons who at any time had access to or possession, custody, or control of the document or any copy thereof;

   (f) the date on which you lost, relinquished, or otherwise ceased to have access to or possession, custody, or control of the document;

   (g) the identity of all persons having knowledge of the circumstances whereby you lost, relinquished, or otherwise ceased to have access to or possession, custody, or control of the document; and

   (h) the identity of all persons who have, or had, knowledge of the contents of the document, in full or in part.

15. For each document you do not produce on the ground that it is not subject to discovery or has already been produced, state:

   (a) the name of the author, writer, sender, or initiator of the document;

   (b) the name of each person to whom the document was sent or intended to be sent;

(c) the name of each and every person who received a copy of the document;

(d) the date of the document, or if no date appears on the document, the approximate date when it was prepared;

(e) the title of the document, or if it had no title, a description of the document sufficient to identify it;

(f) the subject matter of the document;

(g) the ground(s) claimed for withholding the document from discovery (i.e., attorney-client or work product privilege);

(h) a full explanation of the factual and legal bases for not producing the document;

(i) the identity of the present custodian of the document;

(j) the identity of each person who was present when the document was prepared and who has seen the document; and

(k) the identity of every other document, which refers to or otherwise describes the content of the document.

16. All documents produced by you must be organized and labeled to correspond to the paragraph or subparagraph of this request to which they are responsive.

17. Each document produced by you must be produced as it is kept in the usual course of business (i.e., in the file folder or binder in which such documents were located when the request was served).

18. Produce each document that is stapled, clipped, or otherwise attached to a requested document attached in the same manner as the original, regardless of whether the production of that document is otherwise required by this request.

19. If more than one copy of a requested document is in your possession, custody, or control, produce each copy that in any way differs from any other copy, including, without limitation, any difference caused by writings placed on the document by any person or resulting from the number of pages comprising the document or the attachment of documents by staple, clip, or otherwise.

/ / /

/ / /

/ / /

/ / /

Case 2:15-bk-08339-EPB    Doc 125-1    Filed 09/13/16    Entered 09/13/16 12:12:30    Desc Exhibit A    Page 11 of 15

## DOCUMENTS TO BE PRODUCED

1. Produce any and all financial records relating to Debtor from January 1, 2013 to present date ("**Relevant Time Period**"). The Documents to be produced should include but are not limited to:

   a. Balance sheets for year-end 2013, year-end 2014, and year-end 2015;

   b. Income statements for year-end 2013, year-end 2014, and year-end 2015;

   c. Profit and loss statements for year-end 2013, year-end 2014, and year-end 2015;

   d. Accounts receivable aging reports for year-end 2013, year-end 2014, and year-end 2015;

   e. Monthly accounts receivable aging report for the Relevant Time Period;

   f. Accounts payable aging reports for year-end 2013, year-end 2014, and year-end 2015;

   g. Monthly accounts payable aging reports for the Relevant Time Period;

   h. Copy of all bank statements, for every bank account that the Debtor owned or controlled in any way, for the Relevant Time Period;

   i. Copy of all credit card statement, for every credit card used in any way for or by the Debtor, for the Relevant Time Period;

   j. Copy of the Debtor's Federal and State income tax returns for 2013, 2014, and 2015; and

   k. Copy of all checks issued and/or negotiated for the Relevant Time Period.

2. Produce any and all Documents evidencing or relied upon for issuing the 2015 IRS Form 1099(c) to Randy Green.

3. Produce any and all Communications exchanged between Debtor and any accountant or bookkeeper during the Relevant Time Period.

4. Produce any and all basis schedules for the Debtor's shareholders for the Relevant Time Period.

5. Produce copies of invoices submitted to Debtor by accounting firms preparing financial records and/or tax returns for the Debtor for the Relevant Time Period.

| | |
|---|---|
| 1 | 6. Produce copies of any draft income tax returns prepared for the Debtor for the 2013, 2014, and 2015. |
| 2 | |
| 3 | 7. Produce copies of all records regarding compensation to the Debtor's shareholders including all payroll records, documents for any shareholder loans, distributions, and dividends. |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# Exhibit "B"

SO ORDERED.

Dated: September 8, 2016

Eddward P. Ballinger Jr., Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| 2G STAFFING SERVICES, INC., | Case No. 2:15-bk-08339-EPB |
| Debtor. | ORDER APPROVING APPLICATION FOR ORDER REQUIRING EXAMINATION PURSUANT TO RULE 2004, FED. R. BANKR. P. AND RULE 45, FED. R. CIV. P |

This Court having considered the *Application for Order Requiring Examination Pursuant to Rule 2004, Fed. R. Bankr. P. and Rule 45, Fed. R. Civ. P.* ("**2004 Application**") filed by Randy Green, and good cause appearing therefore,

**IT IS HEREBY ORDERED** approving the 2004 Application.

**IT IS FURTHER ORDERED** directing Carmichael & Powell, PC ("**Carmichael & Powell**") to produce such documents or to respond to such document requests as Mr. Green may request concerning all matters of inquiry allowed under Rule 2004 of the Federal Rules of Bankruptcy Procedure. Carmichael & Powell shall produce documents to Mr. Green after not less than 21 days' notice.

**IT IS FURTHER ORDERED** that Mr. Green's counsel may issue a subpoena in connection with the foregoing.

**DATED AND SIGNED ABOVE**

I:\2800\2837 - Green, Randy\02 Pleadings\Admin\2004 - Carmichael and Powell\Order on Application for Rule 2004 Exam.doc